DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELIZABETH SNYDER,** as the daughter and authorized agent of
Judith Goldstein,
Appellant,

v.

**MERIDIAN PARK VILLAGE LIMITED PARTNERSHIP,**
Appellee.

No. 4D20-1144

[March 3, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Jr., Judge; L.T. Case No. 502018CA012381XXXXMB(AA).

Peter J. Snyder of Peter J. Snyder, P.A., Boca Raton, for appellant.

Thomas A. Valdez and Vilma Martinez of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for appellee.

GROSS, J.

Elizabeth Snyder disagreed with appellee Meridian Park Village Limited Partnership concerning her access to her 92-year-old mother. She moved for an injunction pursuant to sections 400.022 and 400.023, Florida Statutes (2019).[1] The case was resolved by a written settlement agreement on May 8, 2019.

Then came the COVID-19 pandemic.

Florida's Governor issued Executive Order 20-52 and the Division of Emergency Management entered Emergency Order 20-006. One effect of the Orders was to curtail Snyder's access to her mother as set forth in the settlement agreement. Snyder filed an emergency motion to enforce the settlement agreement.

---

[1] Although Snyder referenced sections 400.422 and 400.423, Florida Statutes, in her request for an injunction, it appears that she meant to refer to sections 400.022 and 400.023.

We have carefully reviewed the thoughtful order of the circuit court and conclude that it acted reasonably to address Snyder's concerns amid the constraints imposed by the pandemic.

We do not reach an issue Snyder raised on appeal—that the Governor lacked the authority to suspend the rights provided by section 400.022—because she did not raise this issue in the circuit court.

*Affirmed.*

LEVINE, C.J., and ARTAU, J., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***